Derek A. Newman, State Bar No. 190467
derek@newmanlaw.com
NEWMAN DU WORS LLP
100 Wilshire Boulevard, Suite 940
Santa Monica, CA 90401
Telephone: (310) 359-8200
Facsimile: (310) 359-8190

Attorneys for Plaintiff and Counter-Defendant
ESSOCIATE, INC.

RICHARD B. NEWMAN, Cal Bar No. 195191
rnewman@hinchnewman.com
HINCH NEWMAN LLP
1450 Broadway, 35th Floor
New York, NY 10018
Telephone: 212.756-8777
Facsimile: 866.449.4897

DARREN M. FRANKLIN, Cal. Bar No. 210939
dfranklin@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213.620.1780
Facsimile: 213.620.1398

Attorneys for Defendant and Counter-Claimant
CLICKBOOTH.COM, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ESSOCIATE, INC., a Delaware corporation,<br><br>      Plaintiff,<br><br>  v.<br><br>CLICKBOOTH.COM, LLC, a Florida Limited Liability Company,<br><br>      Defendant. | Case No. SACV 13-01886 JVS (DFMx)<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |
| AND RELATED COUNTERCLAIMS. | |

This Stipulated Protective Order is issued to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

In support of this order, the Court finds that:

1. Documents or information containing confidential proprietary and business information and/or trade secrets ("Confidential Information") relevant to the parties' claims or defenses may be disclosed or produced during the course of discovery in this litigation by the parties to the litigation or third parties;

2. The parties to this litigation and third parties producing information may assert that public dissemination and disclosure of Confidential Information could injure or damage the party disclosing or producing the Confidential Information or could place that party at a competitive disadvantage; and

3. To protect the interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

IT IS THEREFORE ORDERED THAT:

**A.   Definitions**

1. As used in this Order, "Confidential" Information and Materials shall include all Information and Materials that have not been made public, the disclosure of which could cause harm to the disclosing Party's business operations or the business operations of a party in privity with the disclosing Party, could provide improper competitive advantage to others, or discloses private or personal information.

2. As used in this Order, "Confidential—Outside Counsels' Eyes Only" Information and Materials shall include all Information and Materials that would, if disclosed to any officer, director, employee, or agent of a receiving Party, or to the public, lead to a harm or injury to the reputation and/or business of the

disclosing Party. Confidential—Outside Counsels' Eyes Only Information and Materials may include information that concerns or relates to (1) sales, marketing, manufacturing, or research and development, (2) financial performance, (3) manufacturing or other costs of doing business, (4) licenses or other confidential agreements, (5) technical details of products or methods of doing business, (6) manufacturers and/or suppliers, and/or (7) corporate information, such as information relating to mergers, acquisitions, and/or asset purchases. Confidential—Outside Counsels' Eyes Only Information and Materials is a subcategory of Confidential Information and Materials as defined above in Section A.1. Confidential—Outside Counsels' Eyes Only Information shall not include any Information and Materials that have been made public, provided such public disclosure was authorized by the Party claiming ownership of the Information or Materials, or otherwise not unlawful, inadvertent, or the fault of the receiving Party.

3. As used in this Order, "Highly Confidential Code" Information and Materials shall include extremely sensitive confidential information or items that constitute or contain any electronic or computer code, including, but not limited to, software, firmware, source code, object code, listing files generated by compilers or assemblers, intermediate files created during the build process, test programs and scripts, test results, and source code or object code for associated tools (collectively "Source Code").

**B.   Marking Requirements**

1. All Information and Materials deemed Confidential, Confidential—Outside Counsels' Eyes Only, or Highly Confidential Code shall be so identified on each page and labeled by the producing Party as follows:

   a. Confidential Information and Materials shall be labeled "Confidential;"

   b. Confidential—Outside Counsels' Eyes Only Information and Materials shall be labeled "Confidential—Outside Counsels' Eyes Only;" and

1           c.     Highly Confidential Code Information and Materials shall be labeled "Highly Confidential Code."

2.     For Information and Materials deemed Confidential, Confidential—Outside Counsels' Eyes Only, or Highly Confidential Code that are produced in some form other than documentary, and for any other tangible items, the producing Party shall affix in a prominent place on the exterior of the CD or DVD, other electronic storage media, or other container or containers in which the information or item is stored the legend Confidential, Confidential—Outside Counsels' Eyes Only, or Highly Confidential Code. If only portions of the information or item warrant protection, the producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as Confidential, Confidential—Outside Counsels' Eyes Only, or Highly Confidential Code .

3.     If qualified Information and Materials cannot be labeled, they shall be designated as Confidential, Confidential—Outside Counsels' Eyes Only, or Highly Confidential Code in a manner to be agreed upon by the Parties.

4.     If the original of a document or thing is not produced, the designating Party may, in lieu of marking the original of a document or thing, mark the copies that are produced or exchanged, provided that the other Party, by its counsel, shall have the right to examine the original, to be provided with a full and complete copy thereof, and to call for production of the original at the trial in this action. Notwithstanding the foregoing, nothing in this Order requires the production of Information and Materials that are subject to a claim of privilege and/or work product immunity, or any Information and Materials that are otherwise not subject to discovery.

5.     The identification and labeling specified in Sections B.1, B.2, B.3 and B.4 of this Order shall be made at the time when the answer to an interrogatory or the answer to a request for admission is served, or when a copy of

the document or thing is provided to a Party. In the case of hearing and deposition transcript pages, the designating Party may invoke on the record (before the deposition or proceeding is concluded) the right to designate such transcripts. Once a Party has invoked this procedure, the Parties shall have up to fifteen (15) days from the date of receipt of a copy of the final transcript from the court reporter to identify the specific portion(s) of the testimony as to which protection is sought and to specify the level of protection being asserted (Confidential or Confidential—Outside Counsels' Eyes Only). During such fifteen (15) day period, the entire transcript shall be deemed to be Confidential—Outside Counsels' Eyes Only.

      6.    In the event that a disclosing Party discovers an inadvertent failure to mark qualified Information or Materials as Confidential, Confidential—Outside Counsels' Eyes Only, or Highly Confidential Code, the other Party shall be notified immediately and the following corrective action shall be taken:

      a.    The receiving Party shall notify all persons to whom it provided the Information and Materials that the Information and Materials are designated Confidential, Confidential—Outside Counsels' Eyes Only, or Highly Confidential Code and must be treated as designated in this Order.

      b.    The receiving Party shall take reasonable steps to provide to those persons any redesignated copies of the Information and Materials supplied by the disclosing Party.

      c.    The receiving Party shall treat the newly marked Information and Materials as set out in Sections l.E, 1.F and 1.G of this Order.

**C.    Designating Information and Documents**

      1.    In designating Information and Materials as Confidential, Confidential—Outside Counsels' Eyes Only, or Highly Confidential Code, a Party will make such designation only as to that information that the Party in good faith believes to be Confidential, Confidential—Outside Counsels' Eyes Only, or Highly Confidential Code as defined in Section B of this Order.

2. If counsel for a Party believes that questions put to a witness being examined during a deposition will disclose Confidential, Confidential—Outside Counsels' Eyes Only, or Highly Confidential Code of his or her client, or that the answer to any question or questions requires such disclosure, or if documents to be used as exhibits during the examination contain such information, counsel shall so notify opposing counsel and the deposition of such witness, or portions thereof, shall be taken only in the presence of Persons qualified to receive that information under Section E.

**D.    Redaction**

1. Redacted versions of Confidential, Confidential—Outside Counsels' Eyes Only, or Highly Confidential Code that no longer contain Confidential, Confidential—Outside Counsels' Eyes Only, or Highly Confidential Code information may be used for any proper purpose.

2. If any Party intends to use a redacted version of any Information and Materials designated Confidential, Confidential—Outside Counsels' Eyes Only, or Highly Confidential Code in a manner that would exceed the uses permitted under the designation used on such Information and Materials, the Party must first submit its proposed redactions to the Party that originally designated such Information and Materials. Upon receipt, the Party originally designating such Information and Materials shall make a good faith effort to either approve the proposed redactions or propose whatever additional redactions are necessary to render the Information and Materials appropriate for use or disclosure exceeding their original designation as promptly as practicable, but in no event more than seven (7) days after the receipt of the proposed redactions.

**E.     Access to Confidential, Confidential—Outside Counsels' Eyes Only, or Highly Confidential Code Information and Materials**

1.   It is the general intent of the Parties to limit disclosure of Information and Materials to the smallest number of persons possible, consistent with the needs of litigation.

2.   All access, possession, use, testing, inspection, study, or copying of any Information or Materials designated as Confidential under this Order is governed by this Order and is limited to the following persons:

   a.   The law firms retained by any of the Parties for the purposes of the above-captioned litigation, including attorneys, law clerks, stenographic, clerical, and paralegal employees of these firms or temporary employees or assistants (including paralegals and attorneys) and outside vendors that provide litigation support services such as photocopying, court reporting, videotaping, deposition video synchronization, translating, preparing exhibits or demonstratives, or organizing, storing, and/or retrieving data in any form or medium, whose functions require access to such Information and Materials;

   b.   Persons who are Parties or officers, directors, or employees of Parties in this action who have a need to know the Confidential Information and Materials solely for purposes of this litigation, provided that such persons shall be furnished a copy of this Order and made aware of the obligations imposed thereunder prior to such disclosure;

   c.   Independent experts, consultants, or translators for each Party and their staff, who are not officers, directors, or employees of or consultants for a Party or its parents, subsidiaries, divisions, branches, affiliates, or competitors, and who, at the time of retention, are not anticipated to become an officer, director, or employee of or consultant for a Party or of a Party's competitor, and whose advice and consultation will be used by such Party for purpose of the above captioned action; and

1         d.    The Court and its staff.

2     3.    All access, possession, use, testing, inspection, study, or copying of any Information or Materials designated as Confidential—Outside Counsels' Eyes Only under this Order is governed by this Order and is limited to persons identified in Section E2(a), E2(c), and E2(d).

    4.    All access, possession, use, testing, inspection, study, or copying of any Information or Materials designated as Highly Confidential Code under this Order is governed by this Order and is limited to outside counsel and their staff, as identified above in Section E.2(a); one in-house counsel for each Party; experts and their staff, as identified above in Section E.2(c) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the Acknowledgement and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Section G.5-G.7, below, have been followed; the Court and its staff, as defined in Section E.2(d); the author of the code or the original source of the information or any actual or intended recipients of the code; and witnesses (whether at deposition or trial) if it can be established that the witness has seen the material before or otherwise knows the material.

    5.    Nothing in this Confidentiality Order affects the right of the Party that produced Confidential, Confidential—Outside Counsels' Eyes Only, or Highly Confidential Code Information and Materials to use or disclose such information in any way. Such disclosure shall not waive the protections of this Order and shall not entitle other Parties, non-parties or their attorneys to use or disclose such information in violation of this Order, except that if the producing Party uses such materials in a manner inconsistent with their designation, then that shall serve as a basis to object to the designation and said objections shall be resolved as set forth in Section G.9 below.

    6.    Any Party may object to the designation of particular information as Confidential, Confidential—Outside Counsels' Eyes Only, or Highly

Confidential Code by giving written notice to the producing Party and to all other Parties in this action. Such objection shall identify with specificity the information to which it is directed and the basis thereof. The Parties will attempt to resolve any disagreements about the designation of Information and Materials as Confidential, Confidential—Outside Counsels' Eyes Only, or Highly Confidential Code on an informal basis before presenting the dispute to the Court by motion or otherwise. If unable to resolve any such disagreements, the objecting Party shall file an appropriate motion with the Court. Information and Materials designated as Confidential, Confidential—Outside Counsels' Eyes Only, or Highly Confidential Code shall remain under the protection of this Order until there is an order of the Court to the contrary or until there is an express written agreement between the Parties. No Party shall be obliged to challenge the propriety of a Confidential, Confidential—Outside Counsels' Eyes Only, or Highly Confidential Code designation at the time of production, or at any time, and failure to do so shall not be considered an agreement that the materials are properly designated nor shall it preclude a subsequent challenge to the propriety of such designation.

7. Any person other than outside counsel, the Court and its staff, or employees of a Party who wishes to obtain access to Confidential, Confidential—Outside Counsels' Eyes Only, or Highly Confidential Code Information or Material, other than court reporters, videographers, and vendors, shall sign an (Acknowledgement and Agreement to be Bound (attached hereto as Exhibit A) acknowledging they have read, and agree to be bound by, the provisions of this Order, and that such person submits to the jurisdiction of this Court with respect to any disputes pertaining to this Order.

**F.     Procedures for Production and Review of Source Code**

1. In addition to any other requirements set out in this Order, the following shall govern the production and review of any Source Code in this matter. A Receiving Party's access to a Producing Party's Source Code shall be limited to

those individuals with access under this Order to material designated "HIGHLY CONFIDENTIAL CODE."

**G.  Handling Confidential, Confidential—Outside Counsels' Eyes Only, or Highly Confidential Code Information and Materials**

1. Copies of Confidential, Confidential—Outside Counsels' Eyes Only, or Highly Confidential Code Information and Materials shall not be disclosed or shared by the Party to whom they are disclosed except as set forth herein, unless they (a) become a part of the public record in this action either (i) by agreement of the Parties or (ii) by order or action of the Court, or (b) have otherwise been made public through lawful means and through no fault of the receiving Party.

2. The Parties are ordered to retain copies of all Confidential, Confidential—Outside Counsels' Eyes Only, or Highly Confidential Code Information and Materials that are provided in discovery under this Order. Documents containing any content drawn from Information and Materials so designated must be filed under seal according to the Court's Local Rules and administrative procedures for filing of confidential information with the Court. Any version of such documents that a Party intends to use publicly and/or in a manner exceeding the designation of the Information and Materials disclosed therein must be redacted to remove any and all references to content drawn from such Information and Materials.

3. Within sixty days after the final judgment and the exhaustion of any appeals in this action or the settlement of this action and upon written request of the disclosing Party, all Confidential, Confidential—Outside Counsels' Eyes Only, or Highly Confidential Code Information and Materials in the possession, custody or control of the receiving Party, including experts and their staff as identified above in Section E.2(c) retained or otherwise engaged by the receiving Party, except those in possession of the Court, shall be returned or destroyed. Each Party's outside counsel, however, may retain one archival copy of all attorney work product,

correspondence, expert reports, deposition and trial transcripts and exhibits, papers filed with the Court (including exhibits), and discovery responses (but not document production) exchanged by the Parties. Any protected materials included in the archival copy shall remain subject to the provisions of this Order. Outside counsel shall certify to counsel for the producing Party the return or destruction of Confidential, Confidential—Outside Counsels' Eyes Only, or Highly Confidential Code Information and Materials so designated in their possession, custody, or control, promptly upon the completion of such return and/or destruction.

4. In the event that any Information or Material designated as Confidential, Confidential—Outside Counsels' Eyes Only, or Highly Confidential Code is inadvertently disclosed or produced to an individual not permitted under this Order to receive or view such Information and Materials, the disclosing Party must be informed promptly and such inadvertently disclosed Information and Materials must immediately be returned to the disclosing Party to the extent they can be returned through reasonable efforts. The Parties expressly agree that no waiver of the Confidential, Confidential—Outside Counsels' Eyes Only, or Highly Confidential Code status of the Information and Materials will have occurred as a result of inadvertent disclosure or production.

**H.     Protected Material Subpoenaed or Ordered Produced in Other Litigation**

1. If a receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as Confidential, Confidential—Outside Counsels' Eyes Only, or Highly Confidential Code, the receiving Party must so notify the producing Party, in writing (by email if possible) within ten court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or order.

2. The receiving Party must also inform in writing the party who caused the subpoena or order to issue in the other litigation within ten court days of

receipt, that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving Party must deliver a copy of this Order within ten court days of receipt to the party in the other action that caused the subpoena or order to issue.

3. The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The designating Party shall bear the burdens and the expenses of seeking protection in that court of its Information and Materials, and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court.

**I.     Miscellaneous**

1. This Order shall not prevent a Party from applying to the Court for relief from this Order or any part thereof, or for relief from its application in any particular circumstance, or from applying to the Court for further or additional protective agreements or orders.

2. This Order shall survive the final termination of this or related proceedings to the extent that the Confidential, Confidential—Outside Counsels' Eyes Only, or Highly Confidential Code Information and Materials have not or do not become known to the public.

3. Each person having access to Confidential, Confidential—Outside Counsels' Eyes Only, or Highly Confidential Code Information and Materials under this Order shall take all reasonable steps to comply with this Order.

4. Any person bound by this Order may rely on a waiver or consent that is made by an attorney for a Party as if that waiver or consent was made by that Party or person, provided that such waiver or consent shall be either in writing or on record in a hearing, trial, or deposition transcript.

|   |   |
|---|---|
| 1 | 5. In the event any non-Party is called upon to produce Information |
| 2 | and Materials that qualify for protection under this Order, such non-Party may elect |
| 3 | to produce its Information and Materials subject to the terms of this Order by |
| 4 | serving a notice of its election on counsel for each Party. After service of notice of |
| 5 | election, this Order shall be binding on and inure to the benefit of such non-Party. |
| 6 | 6. Nothing in this Order shall be construed to affect the |
| 7 | admissibility of any document, material, or information at any trial or hearing. |
| 8 | Regarding trial, counsel for the Parties will meet and confer in good faith as part of |
| 9 | the pre-trial conference statement process to put into a place a procedure for |
| 10 | identification of and use of Confidential, Confidential—Outside Counsels' Eyes |
| 11 | Only, or Highly Confidential Code Information and Materials at trial. |
| 12 | 7. Modification of the Stipulated Protective Order. Any party may |
| 13 | apply to the Court for a modification of this Stipulated Protective Order, and nothing |
| 14 | in this Stipulated Protective Order shall be construed to prevent a party from seeking |
| 15 | such further provisions enhancing or limiting confidentiality, as may be appropriate. |
| 16 | The provisions of this Order may be modified at any time by stipulation of the |
| 17 | Parties approved by order of the Court. Nothing in this Stipulation and Order shall |
| 18 | constitute: (i) an agreement by any Party to produce any documents or other |
| 19 | materials in discovery not otherwise agreed upon or required by court order or the |
| 20 | Federal Rules of Civil Procedure; (ii) a waiver by any person or Party of any right to |
| 21 | object or to seek a further order with respect to any discovery in this or any other |
| 22 | action; or (iii) a waiver of any claim of privilege with respect to any testimony, |
| 23 | document, or information. |
| 24 | / / / |
| 25 | / / / |
| 26 | / / / |
| 27 | / / / |
| 28 | / / / |

1          8. The Parties shall not be required to include any documents created in connection with litigation on their privilege logs.

SO ORDERED.

Dated this 24th day of June, 2014.

_____
Honorable Douglas F. McCormick
United States Magistrate Judge

- 14 -

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on in the case of *Essociate, Inc. v. Clickbooth.com, LLC,* Case No. SACV 13-01886 JVS (DFMx). I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____