RICHARD B. NEWMAN, Cal Bar No. 195191
rnewman@hinchnewman.com
HINCH NEWMAN LLP
1450 Broadway, 35th Floor
New York, NY 10018
Telephone:   (212) 756-8777
Facsimile:    (866) 449-4897

DARREN M. FRANKLIN, Cal. Bar No. 210939
dfranklin@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
 A Limited Liability Partnership
 Including Professional Corporations
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:   (213) 620-1780
Facsimile:   (213) 620-1398

Attorneys for Defendant and Counter-Claimant
CLICKBOOTH.COM, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| ESSOCIATE, INC., a Delaware corporation,<br><br>                Plaintiff,<br><br>        v.<br><br>CLICKBOOTH.COM, LLC,  a Florida Limited Liability Company,<br><br>                Defendant.<br><br>───────────────────<br><br>AND RELATED COUNTERCLAIMS. | Case No. SACV 13-01886 JVS (DFMx)<br><br>**REPLY IN SUPPORT OF DEFENDANT CLICKBOOTH.COM, LLC'S MOTION TO STAY CASE PENDING COMPLETION OF *INTER PARTES* REVIEW PROCEEDINGS**<br><br>The Hon. James V. Selna<br><br>Hearing<br>Date:  February 23, 2015<br>Time:  1:30 p.m.<br>Ctrm:  10C |

# I.

## INTRODUCTION

Defendant Clickbooth.com, LLC's petition for *inter partes* review ("IPR") in the U.S. Patent and Trademark Office ("PTO") challenges all of the patent claims that Plaintiff Essociate, Inc. has asserted against Clickbooth in this litigation.  Nothing in Essociate's opposition brief overcomes the simple fact that the IPR proceedings initiated by Clickbooth are very likely to simplify the issues, regardless of their ultimate outcome, because all of the asserted claims are being challenged.

As discussed in Clickbooth's opening brief, cancellation or modification of the patent claims during the IPR proceedings would plainly streamline this case, and perhaps end it altogether.  In contrast, if this case moves forward prior to the completion of the IPR proceedings, the Court and parties will have to spend substantial time and resources on issues that the IPR proceedings will affect and potentially moot outright.  Judicial efficiency would be best served by a stay.

In the IPR petition, Clickbooth seeks cancellation of claims 1-15, 23, 28 and 36 of U.S. Patent No. 6,804,660 ("the '660 patent"), i.e., every claim asserted by Clickbooth in this case.  These claims are rendered invalid by several different combinations of prior-art references, which Essociate fails to address substantively in its opposition brief.  Many of these references, including U.S. Patent 6,044,205 to Reed et al., the GeoCities Affiliates Program License and Services Agreement, and U.S. Patent Application Publication No. 2004/0225558 to Lipin, were not addressed during prosecution of the '660 patent.  The remaining references make clear, among many other things, that merchant affiliate systems were conventional fixtures on the Internet, that such affiliate systems received referrals from webmasters and recognized transactions as originating from particular webmasters, and that unique webmaster IDs were assigned in advance and transmitted in the Uniform Resource Locator ("URL") sent to the merchant when an Internet user sought to access the

-1-

1  merchant's website.  Essociate does not deny any of these basic facts about prior-art

2  affiliate systems, or even attempt to explain why the cited prior-art references do not

3  render the claimed invention obvious.

4          Essociate thus fails to support its false claim that Clickbooth's IPR petition

5  relies "entirely on prior-art combinations of references that were disclosed during

6  prosecution of the '660 patent or that are completely irrelevant."  (Opp. at p. 5.[1])

7  Moreover, the PTO has repeatedly granted IPR petitions that have relied upon at

8  least some previously cited prior art.  *See, e.g., Bitmax Advanced Biofuels LLC v*

9  *GEVO Inc.*, IPR 2013-00214, Paper 11 (Sept. 30, 2013) (rejecting a patent owner's

10  argument that same prior art and substantially the same arguments were considered

11  by the examiner during the prosecution of the patent); *Macauto U.S.A. v. BOS*

12  *GmbH & KG*, IPR2012-00004, Paper 18 (Jan. 24, 2013) ("we are not required by

13  statute to reject a Petition based upon the fact that certain arguments or art were

14  previously considered by the Office"); and *Toshiba Corp. v. Intellectual Ventures*,

15  IPR2014-00317, Paper 11 (Jun. 17, 2014) (instituting IPR despite the fact that the

16  references overlapped with those previously considered in an *ex parte* reexamination

17  because the Board "disagree[d] with the Examiner's claim construction.")[2]

18          Essociate expends significant energy arguing that it would be prejudiced by a

19  stay.  However, these arguments are groundless.  As explained in Clickbooth's

20  opening brief, the case is at an early stage, with discovery not yet being complete

21  and no depositions completed.  Moreover, contrary to Essociate's statements,

22  Essociate has not produced a large volume of information in response to

23  Clickbooth's discovery requests.  Essociate has done the bare minimum whilst it

24  attempts to coerce settlement by merely keeping the instant litigation alive.

25  Essociate has also failed to establish any other prejudice.  Even if the case is stayed,

26
27  [1] Essociate's opposition brief fails to include page numbers at the bottom of each page, as required by Local Rule 11-3.3.  Clickbooth therefore cites to the page numbers assigned by the Court's electronic case filing system.
28  [2] Copies of the IPR Institution Decisions are attached as exhibits to the Supplemental Declaration of Darren M. Franklin, filed herewith.

the damages period would continue to run, and Essociate will be compensated via damages for any short delay caused by a stay.  Simply stated, this case is still in its early stages, and Essociate has not demonstrated that it would be prejudiced in any way by a stay.

For the reasons stated above and discussed in greater detail below, every pertinent factor supports that a stay will best serve the interests of judicial efficiency and conservation of the parties' resources during the IPR proceedings.

## II.

## ARGUMENT

Plaintiff attempts to argue its case by focusing solely on the "arguably most important" issue of prejudice, essentially ignoring the important fact that the inter partes review is likely to simplify the issues in this case with minimal expenditure and waste of the court's or the parties' resources.  However, despite focusing almost exclusively on the issue of prejudice, Plaintiff's arguments of prejudice are unpersuasive.

**A.    Essociate Has Provided No Evidence of Dilatory Tactics by Clickbooth**

First, Essociate argues that they have been prejudiced because "Clickbooth delayed until the last possible day to file the IPR petition with the PTO, despite having *[sic]*."  This complaint is groundless.  Clickbooth served production requests shortly after the April scheduling conference and hearing on Clickbooth's first motion to stay this case. These production requests asked for, among other things, all documents and things pertaining to each item of prior art that a party in any legal proceeding has identified as anticipating or rendering obvious, alone or in combination with other prior art, any claim of the '660 patent.  Essociate waited until September 10 to produce these documents, some of which Clickbooth used in preparing its IPR petition.  Clickbooth's Petition for *inter partes* review was filed just three months after Essociate's production.

-3-

1    Moreover, the opinion in *Procter & Gamble Co. v. CAO Group, Inc*. 2014

2    WL 3573597 (S.D. Ohio, Jul. 21, 2014), is instructive:

3        [T]he Court does not find that Defendant unreasonably delayed filing the

4        IPRs, despite the fact that they were filed on the last possible day.  Instead,

5        Defendant's reasoning — that it filed the IPRs in an attempt to streamline the

6        case … — is reasonable and not simply dilatory.

7    *Id.* at *2.  Similarly, here, Essociate has not provided any evidence that Clickbooth's

8    timing was dilatory.

9        Furthermore, Congress recognized that a one-year period after service of a

10   litigation complaint provides a "reasonable opportunity" for a defendant to evaluate

11   the case and file an IPR.  35 U.S.C. § 315(b); 157 Cong. Rec. S5429

12   (daily ed. Sept. 8, 2011).

13       A stay pending IPR will not in any way prejudice Essociate.  Conversely,

14   denying a stay would prejudice Clickbooth by leaving it without recourse for wasted

15   resources in the likely event that the PTO invalidates all of the asserted claims in the

16   '660 patent.  The Court should not forego the efficiencies that a stay would bring to

17   this case.

18   **B.    <u>A Stay May Be Granted While the PTO Considers the IPR Petition</u>**

19       Essociate also argues that the fact that the IPR has not yet been instituted

20   weighs against a stay.  In doing so, Essociate ignores the vast majority of available

21   case law, while also misrepresenting the Northern District of California's decision in

22   *TPK Touch Solutions, Inc. v. Wintek Electro-Optics Corp.*, 2013 WL 6021324, at *4

23   (N.D. Cal., Nov. 13, 2013).  While that court chose not to institute a stay, nowhere

24   did that court state that it is "inappropriate" to institute a stay where the IPR has not

25   yet been instituted, as Essociate alleges.  In fact, numerous courts have granted stays

26   before institution of the IPR.  *See, e.g.*, *Pi-Net Int'l, Inc. v. Hertz Corp.*, 2013 WL

27   7158011 (C.D. Cal., Jun. 5, 2013) (granting motion to stay despite the fact that IPR

28   had not yet been instituted, in part because discovery was not yet complete, the

-4-

1   Court had not yet construed the claims, and no depositions had been completed, and

2   "there is more work ahead of the parties and the Court than behind…"); *Autoalert,*

3   *Inc. v. Dominion Dealer Solutions,* LLC, 2013 WL 8014977 (C.D. Cal., May 22,

4   2013) (granting motion to stay filed immediately after filing of IPR petition because

5   the IPR requested reivew of all claims in suit, and, therefore, the issues would be

6   simplified regardless of whether or not the Petition was instituted); *Cypress*

7   *Semiconductor Corp. v. LG Elecs., Inc.*, 2014 WL 5477795 (N.D. Cal., Oct. 29,

8   2014) (granting motion to stay despite the fact that IPR had not yet been instituted

9   because all patents-in-suit were challenged, and PTAB's rulings would be helpful to

10  the court); *Evolutionary Intelligence, LLC v. Sprint Nextel Corp.*, 2014 WL 819277

11  (N.D. Cal., Feb. 28, 2014) (granting motion to stay despite the fact that IPR had not

12  yet been instituted); and *Coho Licensing LLC v. Glam Media*, 2014 WL 4681699

13  (N.D. Cal., Sept. 17, 2014) (granting motion to stay despite the fact that IPR had not

14  yet been instituted).

15      Courts in this District have consistently recognized that a case may be stayed

16  pending the PTO's initial determination of a petition for *inter partes* reexamination

17  or review.  A granted petition means that the patent's claims will very likely be

18  cancelled or modified, while a rejected petition will entail only a brief stay.

19  **C.    Essociate and Clickbooth Are Not Competitors**

20      Essociate also misrepresents that the parties are "direct competitors."  Opp. at

21  7.  The parties are not competitors, much less direct competitors.  Essociate has

22  never had the size, services, or market penetration for it to be reasonably considered

23  a legitimate competitor.  Clickbooth is a comprehensive, full-service advertising

24  network with access to display, email, social and mobile traffic.  Of Clickbooth's

25  more than 10,000 network accounts, many are Fortune 500 companies and

26  recognized brands.  Moreover, Clickbooth has won numerous industry awards and is

27  consistently recognized as a leading advertising network.  *See.* [D.I. 22],

28  Supplemental Declaration of John D. Lemp, "Supp. Lemp Decl.," ¶¶ 3-7.

In contrast, Essociate's actual business activities are a pre-text designed to serve its patent prosecution business.  For example, Essociate lists just fourteen obscure advertiser accounts on its website (which would reasonably be expected to highlight Essociate's most noteworthy business relationships) and no affiliate accounts.  Per Essociate's very own website, its most recent advertiser offer launched in August 2009.  *Id.* ¶¶ 7-9 & Exh. A.

**D.      This Case Is In Its Early Stages**

Finally, Essociate argues that a stay is warranted because "Essociate and the Court expended significant resources managing the litigation."  Opp. at 7.  This is simply not true.  This case is still in its early stages.  Discovery is incomplete, there has been no *Markman* hearing, and no claim construction briefs have been filed. *See, e.g., Evolutionary Intelligence LLC v. Yelp Inc.*, No. 13-cv-03587-DMR, 2013 WL 6672451 (N.D. Cal. Dec. 18, 2013) (granting stay and emphasizing, among other factors, that "the court [had] not substantially intervened in the action such as by conducting a *Markman* hearing or issuing a claim construction order").

The Court should not be asked to waste resources construing claims that may well be cancelled or otherwise materially affected as a result of Clickbooth's IPR petition.  Moreover, denying a stay would prejudice Clickbooth by leaving it without recourse for the resources wasted in the interim.  It will have to expend time and resources litigating even though the PTO will almost certainly opine on issues that will affect whether any patent claims remain viable.

A favorable ruling in the PTO will assist the parties and the Court by clarifying the scope and validity of Essociate's patent claims.  Without a stay, the parties will waste effort litigating discovery and claim construction issues that might be decided or mooted.  *See, e.g., Alvarez v. T-Mobile USA, Inc.*, No. 10-2373, 2010 WL 5092971, at *2 (E.D. Cal. Dec. 7, 2010) ("It would be burdensome for both parties to spend time, energy, and resources on pretrial and discovery issues, only to find those issues moot within less than a year.").

1    Essociate's arguments regarding the state of discovery and the progress of the
2    litigation contain further misleading statements.  Essociate alleges that the parties
3    have "discussed deposition scheduling" and that "Essociate intends to proceed
4    promptly with depositions."  Opp. at 8.  The parties last discussed deposition
5    scheduling in December.  The proposed January 2015 deposition dates have come
6    and gone without any depositions, and Essociate has not proposed any new
7    deposition dates.

8    Essociate's position regarding "fading memories" is unpersuasive considering
9    that it has failed to take any depositions, sat on its rights for years before
10   commencing this lawsuit, and has not sought a preliminary injunction.  In such
11   circumstances, this further favors a stay.  *See, e.g., Semiconductor Energy Lab. Co.*
12   *v. Chimei Innolux Corp.*, Case No. 12-cv-21, 2012 WL 7170593, at *4 (C.D. Cal.
13   Dec. 19, 2012) ("[B]ecause SEL does not dispute that it has not sought a preliminary
14   injunction and that SEL and CMI are not direct competitors [among other reasons],
15   the Court finds this factor weighs in favor of a stay.").

16   Essociate does not dispute that the most it could hope to obtain in this case are
17   money damages, which will be equally available after a stay (assuming Essociate's
18   claims survive a stay).  Essociate has no answer for the case law holding that, in the
19   context of a stay of proceedings, "[m]ere delay, without more … does not
20   demonstrate undue prejudice."  *Nanometrics, Inc. v. Nova Measuring Instruments,*
21   *Ltd.*, No. 06-2252, 2007 WL 627920, at *3 (N.D. Cal. Feb 6, 2007).

22   As set forth in its opening brief, a stay will not unduly prejudice or tactically
23   disadvantage Essociate, who would not lose any alleged right to damages in
24   litigating its infringement claims after the PTO completes *inter partes* review of its
25   patent because the parties are not direct competitors and the damages period will
26   continue to run while the case is stayed.  As a result, Essociate will not lose
27   customers or market share if this case is stayed.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## III.

## <u>CONCLUSION</u>

For the foregoing reasons, Clickbooth respectfully requests that the Court temporarily stay these proceedings pending the PTO's decision on Clickbooth's petition for *inter partes* review, and the completion of any such IPR proceedings.

Dated:  February 9, 2015

HINCH NEWMAN LLP

By        <u>*/s/ Richard B. Newman*</u>
RICHARD B. NEWMAN

Attorneys for Defendant and Counter-Claimant
CLICKBOOTH.COM, LLC

-8-